UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEAN CHIASSON | CIVIL ACTION |
| VERSUS | NO. 19-2502 |
| ROGERS-PREMIER ENTERPRISES, LLC AND LIBERTY MUTUAL FIRE INSURANCE COMPANY | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendants Rogers-Premier Enterprises, LLC's, and Liberty Insurance Corporation's motion to dismiss plaintiff Sean Chiasson's complaint.[1] Because prescription has not been interrupted, the Court grants the motion.

## I. BACKGROUND

On October 25, 2017, the plaintiff, Sean Chiasson, was covering a load of cargo in a commercial trailer with plastic sheeting at National Gypsum Services Company on behalf of his employer, Rogers-Premier Enterprises, LLC.[2] While covering the cargo, the plaintiff slipped and fell to the ground,

---

[1] R. Doc. 6.
[2] R. Doc. 1 at ¶ 8.

resulting in injury to his arm and back.[3] Less than five months after the accident, on March 15, 2018, the plaintiff filed suit against National Gypsum, as well as National Gypsum's insurer.[4] Chiasson and the defendants in the earlier suit settled, and the suit was dismissed on March 7, 2019.[5]

On March 19, 2019, twelve days after the earlier suit was dismissed, the plaintiff filed this action against his employer at the time of the injury, Rogers-Premier, as well as its insurer, Liberty Insurance.[6] The Plaintiff attached to his complaint a certificate in compliance with Local Rule 3.1 noting that this suit and the earlier suit "both arise out of a fall resulting from the intentional and negligent conduct of National Gypsum (NGC) and the intentional conduct of Rogers-Premier Enterprises, LLC."[7] The defendants moved to dismiss Chiasson's claims, arguing that the claims are time-barred under Louisiana law, because the complaint was filed more than one year after the injury.[8] Chiasson contends that the earlier suit interrupted the prescription period against Rogers-Premier and Liberty Insurance, as they are solidarily or jointly liable with National Gypsum.[9]

---

[3] *Id.* at ¶ 9.
[4] *See* R. Doc. 8 at 1-3; *see also* R. Doc. 1 (Case No. 18-2768).
[5] *See* R. Doc. 8 at 3; *see also* R. Doc. 49 (Case No. 18-2768).
[6] R. Doc. 1.
[7] R. Doc. 1-2 at ¶ 3.
[8] R. Doc. 6; R. Doc. 6-1.
[9] *See* R. Doc. 8.

## II. LEGAL STANDARD

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). But to survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The claim must be dismissed if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007). The Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments thereto. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or

an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

Where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling or the like, the Court may dismiss a claim under Rule 12(b)(6). *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). "Ordinarily, the party pleading prescription bears the burden of proving that the plaintiff's claims have prescribed." *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 878 (5th Cir. 2002). But, once prescription is evident from the pleadings, the burden shifts to the plaintiff to demonstrate that prescription was either suspended or interrupted. *Id.*; *see also In re Med. Review Panel for Claim of Moses*, 788 So. 2d 1173, 1177 (La. 2001).

### III. DISCUSSION

#### A. Prescription

When the basis of federal jurisdiction is diversity of citizenship, a federal court applies the statute of limitations that the forum state would apply. *Huss v. Gayden*, 571 F.3d 442, 449-50 (5th Cir. 2009) (citing *Guar. Trust Co. v. York*, 326 U.S. 99, 109-10 (1945)). Therefore, as both parties

4

recognize, Louisiana prescription law applies to determine whether the plaintiff's claims against the defendants are time-barred.

Plaintiff's tort claim is a delictual action, and therefore the prescriptive period is one year. La. Civ. Code. art. 3492. The prescriptive period begins to run "from the day the injury or damage is sustained." *Id.* Here, the plaintiff was injured on October 25, 2017.[10] Therefore, his one-year prescriptive period began to run on that date and would expire on October 26, 2018, unless the prescriptive period was suspended, interrupted, or otherwise tolled. Because the plaintiff filed this suit on March 19, 2019, the plaintiff's claims are prescribed unless the prescriptive period was suspended, interrupted, or otherwise tolled.

Chiasson argues that the prescriptive period on his claims against defendants was interrupted when he filed the earlier lawsuit against National Gypsum because he asserts that defendants are jointly or solidarily liable with National Gypsum and National Gypsum's insurer.[11] Under Louisiana law, "[p]rescription is interrupted when the . . . obligee commences action against the obligor, in a court of competent jurisdiction and venue." La. Civ. Code art. 3462. "Interruption of prescription against one joint tortfeasor is

---

[10] R. Doc. 1 at ¶ 8.
[11] *See* R. Doc. 8.

effective against all tortfeasors." La. Civ. Code art. 2324. Chiasson explicitly referenced the earlier suit in an attachment to his complaint,[12] which may be considered for the purpose of a Rule 12(b)(6) motion to dismiss. The issue is whether the plaintiff has alleged facts sufficient to show that Rogers-Premier and Liberty Insurance are jointly or solidarily liable with the defendants in the first suit in order to interrupt prescription.[13] *Id.*

To be jointly liable under Louisiana law, two tortfeasors must have both caused a plaintiff's injury. *See* La. Civ. Code art. 2324(B). Here, Chiasson has not alleged sufficient facts to show that National Gypsum and the defendants are joint tortfeasors, because Chiasson has not alleged any facts to show that National Gypsum caused his injury. Instead, the plaintiff bases his claim of joint liability solely on legal conclusions. Chiasson has alleged only that Rogers-Premier's conduct "was joined by the negligent and intentional conduct of National Gypsum, making them joint tortfeasors."[14] This is a legal conclusion that the Court need not accept. *See Iqbal,* 556 U.S.

---

[12]  R. Doc. 1-2.
[13]  If Rogers-Premier and Liberty Insurance are jointly or solidarily liable with National Gypsum and its insurer, prescription is interrupted even though the suit against the earlier defendants was settled. This is because although "[i]nterruption is considered never to have occurred if the plaintiff . . . voluntarily dismisses the action," a "settlement and subsequent dismissal of a defendant pursuant to a transaction or compromise shall not qualify as a voluntary dismissal." La. Civ. Code. art. 3463.
[14]  R. Doc. 1 at ¶ 20.

at 677-78. And in the attachment to his complaint, Chiasson states that this matter arises "out of a fall resulting from the intentional and negligent conduct of National Gypsum," without alleging any facts as to what that conduct may be.[15] In the complaint Chiasson filed in the earlier suit, he alleged that National Gypsum "failed to provide the necessary safety equipment for accomplishing plaintiff's job."[16] But the allegations of that complaint, which was filed in a separate case and is not in the record, are not entitled to the same assumption of truth as the facts the plaintiff has pleaded in his complaint in this suit.

Chiasson's complaint also references a contract between National Gypsum and Rogers-Premier, which was a master service agreement governing the relationship between National Gypsum and Rogers-Premier. But the plaintiff does not allege that this contract is the basis for the joint liability of Rogers-Premier and National Gypsum.[17] Rather, Chiasson relies upon this contract solely as a basis for Rogers-Premier's liability.[18] Indeed, this contract states that *Rogers-Premier* is responsible for providing a fall protection system for employees, not National Gypsum.[19] Because the

---

15   R. Doc. 1-2.
16   *See* R. Doc. 1 at ¶ 10 (Case No. 18-2768).
17   *See* Doc. 1 at ¶ 11; Doc. 8 at 2.
18   *See* Doc. 1 at ¶ 12-13; Doc 8 at 2.
19   R. Doc. 8-1 at 6.

complaint relies upon legal conclusions and offers no facts upon which the Court could find that the defendants are jointly liable, the plaintiff has not carried his burden of showing that defendants in this suit and the earlier suit are jointly liable.

Chiasson also alleges that Rogers-Premier and Liberty Insurance are liable *in solido* with National Gypsum and its insurer. This claim is more difficult to prove than joint liability, as defendants are liable *in solido* only when they conspire together to commit an intentional or willful act. La. Civ. Code art. 2324(A). A conspiracy requires a "meeting of the minds or collusion between the parties for the purpose of committing wrongdoing" and can be proved by showing actual knowledge of the parties, overt actions taken together, or the knowledge of one co-conspirator of the impropriety of the actions taken by the other co-conspirator. *See Curole v. Delcambre*, 224 So. 3d 1074, 1082 (La. App. 3 Cir. 2017). Here, the plaintiff alleges no facts that can lead to the conclusion that there was any sort of meeting of the minds for the purposes of wrongdoing between National Gypsum and Rogers-Premier or Liberty Insurance. Therefore, the Court cannot find the defendants in the earlier suit *in solido* liable with the defendants here.

Because the plaintiff relies upon legal conclusions and fails to allege sufficient factual allegations by which the Court can find joint or *in solido*

liability between the defendants in the earlier suit and Rogers-Premier and Liberty Insurance, the Court cannot find that that the earlier suit interrupted prescription against Rogers-Premier and Liberty Insurance. The Court therefore finds that the plaintiff's claims against the defendants are prescribed.

### B. Leave to Amend

Chiasson also requests leave to amend his complaint "to more clearly state facts demonstrating that prescription has not run."[20] Plaintiff has not previously amended his complaint. "The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). When deciding whether leave to amend should be given, the Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman*, 371 U.S. at 182. The Court finds

---

[20] R. Doc. 8 at 4.

none of these factors present here. The Court will therefore dismiss Chiasson's complaint without prejudice and with leave to amend within twenty-one days of entry of this Order.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). This dismissal is WITHOUT PREJUDICE and with leave to file an amended complaint within twenty-one days of this order.

New Orleans, Louisiana, this __1st__ day of October, 2019.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE